UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60193-CR-ZLOCH/HUNT

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

JOSEPH MONTS DE OCA,

       Defendant.
_____/

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

The Defendant, Joseph Monts De Oca, through counsel, files the following reply to the government's response [DE:41] to his previously filed objections to the Pre-Sentence Investigation Report ("PSI") in this case [DE:39]. In response thereto, the Defendant states the following:

    **1.**    **Defendant's factual error, and argument regarding U.S.S.G. Sec. 2X1.1(b)(1)**

It is apparent that counsel was incorrectly informed as to the street where the Defendant's vehicle had been parked (and ultimately took photographs immediately after the Defendant's arrest, and prior to discovery being provided, of the wrong street corner). The Defendant withdraws that portion of his prior argument and does not contest the location correctly proffered by the government.

Nonetheless, the Defendant maintains that a reduction pursuant to U.S.S.G. Sec. 2X1.1(b)(1) is still appropriate.

While the government points out in its response the preparatory steps taken by the Defendant prior to his arrest, it is precisely those steps that created the "attempt" offense, without which there would be no "substantial step" taken towards completion of the criminal act. As stated by the Eleventh Circuit Pattern Jury Instruction 11, ("Attempt"), the second requirement for any attempt conviction is that "[t]he Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime." As such, preparatory acts should not merely be expected, but are actually a requirement of any attempt crime. The only issue for purposes of Section 2X1.1(b)(1) is whether the Defendant actually completed all the actions he believed were necessary to successfully complete the robbery, or that he was about to complete all those acts but for his apprehension.

According to the government, the Defendant was a mere 175 feet from the bank (58 yards) when he was stopped. It is clear that the Defendant had not completed all of the actions he believed were necessary to successfully complete the robbery. Despite his close proximity to the targeted bank, the Defendant had not removed his hooded sweatshirt, his mask, or his fake firearm from the bag he was carrying. He had also not put on or removed the latex gloves from his pocket. Obviously, the fact the Defendant was carrying these items meant he believed them important to successful completion of the offense. As such, the Defendant had not

2

completed all of the actions he believed were necessary to complete the robbery. Therefore, the court must move to the second factor in Section 2X1.1(b)(1): do the circumstances demonstrate that the Defendant was about to complete all the acts necessary but for his arrest.

The government points to the Defendant's post-arrest statements as evidence he was about to commit the robbery. Those statements show with certainty the same thing as the circumstantial evidence does: the Defendant planned to execute a robbery and was taking a substantial step towards commission of that offense.1 The Sentencing Guideline requires the Court to look only to the circumstances to make its determination. Those circumstances show an attempt that was still lacking critical actions towards completion, despite the noted close proximity of the Defendant to the target. The Defendant had left his parked vehicle and begun walking towards the bank. The officer watched him do so. It is apparent that the Defendant was not hurried: a neighborhood resident had time to approach the officer (who she apparently recognized as an officer) and inform him that the Defendant had parked in the community but did not belong there. The officer had time to inform the resident that he was watching the same individual but that she

---

[1] The critical circumstance that clouds the Defendant's statements, as well as his actions, and, most importantly, his intended actions, is that the Defendant was admittedly under the influence of cocaine prior to exiting his vehicle to start towards the bank. Cocaine and cocaine residue was found in the Defendant's vehicle. Xanax was also found. The officer noted that upon stopping the Defendant, he was pacing back and forth, extremely nervous and fidgeting. At one point the Defendant even walked towards the officer before the officer ordered him to be seated. This is one of the main factors leading to the unpredictability of the Defendant's actions that day.

was not in danger and should continue walking her dogs. The officer did not see the Defendant as a threat of violence at that time.

At the time he was apprehended, the Defendant had not sought any sort of cover to remove the clothing items in his bag to begin concealing himself, nor had he made his fake firearm available for use at that time. There are no circumstances that show he was about to complete all the acts necessary for "successful completion" of the robbery but for his apprehension. Looking to the Defendant's criminal history goes beyond what Section 2X1.1(b)(1) permits to make a determination in this case, as they are not the circumstances witnessed by the officer prior to the apprehension.2 The circumstances show an individual under the influence of cocaine and possibly Zanax acting in an unpredictable and strange fashion, and making inconsistent and strange statements. They show an individual 175' from the bank who was not seeking concealment to put on a sweatshirt, a mask, gloves, and make a fake firearm ready, nor moving in a hurried fashion or concerned about being spotted by neighborhood eyewitnesses. As such, the Defendant maintains that the circumstances show he had not completed all the acts necessary for completion of the robbery when he was apprehended by law enforcement, nor that he was about to complete those acts but for apprehension.

---

[2] However, looking to the Defendant's criminal history also shows that the Defendant already had concealed himself by disguise at the time he approached the other banks in question, unlike in this instance.

## 2.   The Defendant's prior convictions in Paragraphs 52 and 55 are presumptively void:

The government's response to the Defendant's objections with respect to calculation of the Defendant's criminal history indicates that "all criminal defendants are offered counsel if they cannot afford it at all stages of a criminal proceeding." [DE:41:4]. In its final addendum to the PSI, United States Probation indicated the same. [DE:42:35]. In the state of Florida, this is factually incorrect.

The conviction for possession of marijuana in Paragraph 52 of the PSI occurred in Broward County, Florida. In that case the Defendant did not have a first appearance before a judge within 24-hours of his arrest because he was not arrested, he was released on a promise to appear. The docket transfer in that case was from a satellite courthouse (where there would not be any option for appointment of counsel) to the Central Broward County Courthouse, where a defendant may be offered the option of being interviewed by a member of the Public Defender's Office, but not always. In that case the Defendant stated that he was not offered counsel by the court. This fact is corroborated by the additional fact that the Court did not impose a term of incarceration on the Defendant, nor is any "adjudication of guilt" noted in the PSI. The Defendant's sole penalty was a fine.3

---

[3] Florida Statute Sec. 27.512 states that a Public Defender may not be appointed for any individual that the Court (normally by motion or agreement of the State Attorney) issues an order of no-imprisonment for. In many misdemeanor cases where the State seeks only a fine as punishment, the State and Court do not offer, and are not required to provide indigent counsel to defendants.

The final addendum to the PSI also indicates that there is no indication the Defendant was offered counsel.

The conviction in paragraph 55 comes from Miami-Dade County, Florida. There is no indication that the Defendant was offered counsel in that case, and like that in paragraph 52, it cannot, and should not be assumed. The Defendant was arrested on January 14, 2014. The correct case number in that case is B14-1644 (meaning the case was handled by a satellite {branch} courthouse in Miami-Dade County without Public Defender services). He plead guilty or no contest (the record does not indicate which, or that any plea was actually entered in the case) on January 15, 2014. The Defendant has stated he was never offered counsel in that case, and there is no indigent counsel available in Miami-Dade branch courts.

There is no evidence that the Defendant was ever offered counsel in either of the convictions in paragraphs 52 or 55. The Defendant states that he was never offered counsel. In both counties where the convictions took place, there is nothing out-of-the-ordinary about a defendant closing a case with a fine or a night of incarceration without ever being offered counsel. As such, both of these convictions are "presumptively void," as they were obtained without the "defendant knowingly, intelligently, and voluntarily waiv[ing] his right to counsel." *United States v. Jackson*, 57 F.3d 1012, 1019 (11th Cir. 1995).[4] Uncounseled convictions, where a

---

[4] *Jackson* is never mentioned or addressed by the case cited by United States Probation, *United States v. Acuna-Reyna*, 677 F.3d 1282 (11th Cir. 2012), and there is no negative history listed in the 11th Circuit for *Jackson*. It is unclear how these two cases co-exist.

defendant did not knowingly, intelligently, and voluntarily waive his right to counsel are presumptively void. *Id.* As such, the Court should not take them into account.

### 3. There is no indication that the Defendant's prior convictions as listed in paragraphs 52 and 55 were "adjudications of guilt":

For the Court to assess the Defendant a criminal history point in paragraph 52 or 55 of the PSI, it must determine that those offenses were "prior sentences" not counted under U.S.S.G. Sec. 4A1.1(a) or (b). U.S.S.G. Sec. 4A1.1, *Application Note 3*. The term "prior sentence" is defined at U.S.SG. Sec. 4A1.2(a)(1) as "any sentence previously imposed upon adjudication of guilt." In the case listed in paragraph 52 of the PSI, the Defendant pled no contest and was given a withhold of adjudication by the court, with a $288 fine. In the case listed in paragraph 55 of the PSI, there is no plea recorded. The record states only that the Defendant received a withhold of adjudication with a fine and court costs. There is no indication that "credit time served" was part of the Defendant's sentence in that case.

The Defendant's prior cases in paragraphs 52 and 55 of the PSI do not qualify as "prior sentences" for purposes of criminal history points. Like the marijuana possession case listed in paragraph 57 of the PSI, neither of these cases may receive criminal history points.

**WHEREFORE**, the Defendant respectfully moves this Court to sustain his objections to the PSI and sentence him accordingly.

>Respectfully submitted,
>
>MICHAEL CARUSO
>FEDERAL PUBLIC DEFENDER
>
>By:  s/ *Jan C. Smith, II*
>Assistant Federal Public Defender
>Florida Bar No. 0117341
>One East Broward Boulevard, Suite 1100
>Fort Lauderdale, Florida 33301
>Tel: 954-356-7436
>Fax: 954-356-7556
>E-Mail: jan_smith@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on February 1, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ *Jan C. Smith, II*, AFPD

## SERVICE LIST

UNITED STATES v. JOSEPH MONTS DE OCA
Case No. 15-60193-CR-ZLOCH/HUNT
United States District Court, Southern District of Florida

| | |
|---|---|
| Jan C. Smith, II<br>jan_smith@fd.org<br>Assistant Federal Public Defender<br>One East Broward Boulevard, Ste 1100<br>Fort Lauderdale, FL. 33301<br>Tel: 954-356-7436<br>Fax: 954-356-7556<br>Attorney for Defendant<br>Notice of Electronic Filing | Corey Steinberg<br>corey.steinberg@usdoj.gov<br>Assistant United States Attorney<br>500 East Broward Boulevard, 7th Floor<br>Fort Lauderdale, FL 33394<br>Tel: 954-356-7255<br>Fax: 954-356-7336<br>Attorney for the Government<br>Notice of Electronic Filing |
| | |

J:\Monts De Oca, Joseph M. Reg 08325-104\Pleadings\Response to Govt PSI objection.pdf.wpd